EVANS, APPELLANT, *v.* WESTERN ELECTRIC COMPANY, APPELLEE.

[Cite as Evans v. Western Electric Co. (1976), 50 Ohio App. 2d 233.]

(No. 76-AP-166—Decided June 29, 1976.)

*Mr. Richard L. Innis,* for appellant.
*Messrs. Porter, Stanley, Platt & Arthur* and *Mr. David M. Selcer,* for appellee.

HOLMES, J. This matter involves the appeal of a judgment of the Court of Common Pleas of Franklin County which sustained the defendant's motion to dismiss an action with prejudice, which action had been brought by the plaintiff, pursuant to R. C. 4111.17, alleging an unlawful pay discrimination by the defendant Western Electric Company against the plaintiff based upon her sex.

The single assignment of error claims that the trial court erred in dismissing the plaintiff's action with prejudice, in that such dismissal was based upon an improper construction of the limitation of action provision of R. C. 4111.17.

The section of the Ohio Revised Code upon which the plaintiff relies, in claiming the wage discrimination, and her claim for damages thereunder, is, as stated, R. C. 4111.17 which, in its entirety, is as follows:

"(A). No employer, including the state and political subdivisions thereof, shall discriminate in the payment of

wages on the basis of race, color, religion, sex, national origin, or ancestry by paying wages to any employee at a rate less than the rate at which he pays wages to another employee for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar conditions.

"(B) Nothing in this section prohibits an employer from paying wages to one employee at a rate different from that at which he pays another employee for the performance of equal work under similar conditions on jobs requiring equal skill, effort, and responsibility, when the payment is made pursuant to any of the following: (1) A seniority system; (2) A merit system; (3) A system which measures earnings by the quantity or quality of production; (4) A wage rate differential determined by any factor other than race, color, religion, sex, national origin, or ancestry.

"(C) No employer shall reduce the wage rate of any employee in order to comply with this section.

"(D) The director of industrial relations shall carry out, administer, and enforce this section. Any employee discriminated against in violation of this section may sue in any court of competent jurisdiction to recover two times the amount of the difference between the wages actually received and the wages received by a person performing equal work for the employer, from the date of the commencement of the violation, and for costs, including attorney fees. The director may take an assignment of any such wage claim in trust for such employee and sue in his or her behalf. In any civil action under this section, two or more employees of the same employer may join as co-plaintiffs in one action. The director may sue in one action for claims assigned to him by two or more employees of the same employer. No agreement to work for a discriminatory wage constitutes a defense for any civil or criminal actions to enforce this section. No employer shall discriminate against any employee because such employee makes a complaint or institutes, or testifies in, any proceeding under this section.

"(E) Any action arising under this section shall be initiated within one year after the date of violation."

On April 2, 1975, the plaintiff-appellant Beatrice E. Evans filed her complaint herein, alleging that she became employed by the defendant Western Electric Company on December 13, 1965. The plaintiff further alleged that she had been damaged by the defendant beginning June 1, 1971, in an amount equal to a wage differential of $500 per month because defendant paid her lower wages due to her sex than it was paying male employees who were performing equal work under similar conditions on certain jobs requiring skills, efforts and responsibility equal to those which were required of the plaintiff.

The trial court sustained the defendant-appellee's motion basically upon the grounds that the plaintiff-appellant had alleged that the violation took place on June 1, 1971; that, since such action was not commenced until approximately four years thereafter, the complaint failed to state a claim upon which relief could be granted; and, that R. C. 4111.17 would require that action commenced thereunder be initiated within one year from the date of the violation.

A fair interpretation of R. C. 4111.17, and the statute of limitations contained in such section, leads us to disagree with the conclusion of the trial court.

The intent and purpose of this section of law is to prevent the initial establishment and payment of, as well as the continuance of, wage rate differentials based on race, sex, religion, color, national origin or ancestry, where there are the same or similar functions being performed by the employees within a certain company. We believe that it is also the fair meaning and intent of such statute that where there is a wage rate differential, such may be set in motion from the date an employer has set a discriminatory pay rate or wage, and is paying such to the complaining employee. Further, such wage rate differential may continue throughout each work or pay period up until such time as a claim is made under this section for the continuing violation of such prohibition.

Here it can be reasonably concluded that the plaintiff

has properly alleged in her complaint that the violation continued since the date set forth in her complaint and had so continued until the time the complaint was filed.

If our holding were otherwise, after the running of the one-year statute of limitations contained in this section, the employer would be free to continue the prohibited discriminatory wage payments on into the future. We conclude that this is not the reasonable meaning or intent of this section of law, or the limitation of action provision therein.

We hold that it was the meaning and intent of the legislature within subsection (E) of R. C. 4111.17 to limit any such recovery for a violation of the section to a one-year period. A reasonable interpretation of such limitation of action provision is that an action may be brought for any such continuing violation but may only apply, as in this instance, to a one-year period preceding the date of the filing of the complaint.

Therefore, the complaint as brought herein could, if the facts support such allegation, be determined to be within the period of the continuance of such violation, and consequently the motion of the defendant-appellee for dismissal of the action with prejudice should not have been sustained.

The assignment of error of the plaintiff-appellant is hereby sustained, and the judgment of the Common Pleas Court of Franklin County is reversed and this case is remanded to such court for further proceedings according to law.

*Judgment reversed.*

STRAUSBAUGH, P. J., and McCORMAC, J., concur.