FEATZKA, APPELLANT, *v.*
MILLCRAFT PAPER COMPANY, APPELLEE.

[Cite as Featzka v. Millcraft Paper (1980),
62 Ohio St. 2d 245.]

(No. 79-752—Decided May 28, 1980.)

246

*Messrs. Winchester, Douglas, Lydy & Mollenkamp, Mr. R. Jeffrey Lydy, Messrs. Casey & Slaybod, Ms. Julia K. Casey and Mr. Sheldon M. Slaybod,* for appellant.

*Messrs. Thompson, Hine & Flory, Mr. T. Merritt Bumpass, Jr.,* and *Mr. Keith A. Ashmus,* for appellee.

CELEBREZZE, C. J. The sole issue before this court is whether R. C. 4111.17(E) prohibits appellant's recovery of sex-based wage differentials occurring more than one year prior to the initiation of her action. Basically, we must decide if, in enacting R. C. 4111.17, the General Assembly intended each day of unequal treatment to constitute a separate and severable violation or whether each day is to be considered a part of a continuous violation. In order to construe a statute we must of course determine the legislative intent. As this court stated in the first paragraph of the syllabus in *Henry* v. *Central Natl. Bank* (1968), 16 Ohio St. 2d 16, "***[i]n determining that intention courts look to the language employed and to the purpose to be accomplished."

R. C. 4111.17(E), standing alone, is arguably an ambiguous provision. Consequently, we must look to the language and purpose of R. C. 4111.17 to determine the meaning and effect of R. C. 4111.17(E).

R. C. 4111.17 is designed to eliminate wage discrimination based on sex, race, and other immutable characteristics. In order to accomplish this goal, the General Assembly, in R. C. 4111.17(D), gave employees a right to sue "to recover two times the amount of the difference between the wages actually received and the wages received by a person performing equal work for the employer, from the date of the commencement of the violation, and for costs, including attorney fees."

The legislature clearly intended, in granting this right of recovery, to provide incentives both for employees to call for the enforcement of the statute and for employers to eliminate the prohibited discrimination. A limitation of recoveries to any

wage differentials occurring within a year prior to the commencement of an action would appear to be contrary to these remedial enforcement provisions and, in the absence of a clear expression of legislative intent, we cannot so read R. C. 4111.17(E).

Appellee argues that R. C. 4111.13(C) and (D) show a clear legislative intent to treat violations of R. C. 4111.17 as severable.

R. C. 4111.13 provides, in part:

"(C) No employer shall pay or agree to pay wages at a rate less than the rate applicable under sections 4111.01 to 4111.17 of the Revised Code. Each week or portion thereof for which the employer pays any employee less than the rate applicable under said sections constitutes a separate offense as to each employer.

"(D) No employer shall otherwise violate any provision of sections 4111.01 to 4111.17 of the Revised Code, or any regulation issued thereunder. Each day of violation constitutes a separate offense."

Criminal penalties are assessed for violations of R. C. 4111.13 and 4111.17, pursuant to R. C. 4111.99.

Black's Law Dictionary (5th Ed.) defines "offense" as "[a] felony or misdemeanor; a breach of the criminal laws." The General Assembly in R. C. 4111.17, rather than using the term "offense," used the term "violation." Black's Law Dictionary defines "violation" as a "breach of right, duty, or law." In using the term "violation" rather than "offense" in R. C. 4111.17, the legislature clearly indicated that the severability of offenses provided for in R. C. 4111.13 was not to be applicable to civil actions brought under R. C. 4111.17.

Pursuant to R. C. 4111.17(D), the legislature did provide for recovery "from the date of the commencement of the violation." Use of the word "commencement" indicates a violation of a continuous nature, for the commencement of the violation would not be relevant if each day of violation were severable. By defining "recovery" in terms of commencement of the violation, the legislature clearly indicated its intent to permit recovery from the beginning of the prohibited discrimination until its termination.

Any other interpretation would lead to absurd and

unreasonable results in at least two respects. First, if, as in the case at bar, the violation has ceased by the time the employee becomes aware of his rights under R. C. 4111.17, a limitation of recovery will discourage the desirable process of attempting to negotiate a settlement before an action is filed. Second, such an interpretation will encourage the employer to continue violations which exceed a year in duration, for in the second year the employer will decrease the loss he will suffer if an action is then brought under R. C. 4111.17. After two years of continuous violations, the employer will actually benefit from his discrimination. We have often stated that the General Assembly will not be presumed to have intended to enact laws producing unreasonable or absurd results. *Canton* v. *Imperial Bowling Lanes, Inc.* (1968), 16 Ohio St. 2d 47, paragraph four of the syllabus.

We hold that the requirement in R. C. 4111.17(E) that actions initiated under R. C. 4111.17(D) for the recovery of sex-based wage differentials from the date of the commencement of the violation "shall be initiated within one year after the date of violation" limits the time in which actions can be brought from the last date of such discrimination, not the time period for which recovery is permitted.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

HERBERT, P. BROWN, SWEENEY and LOCHER, JJ., concur.

W. BROWN and HOLMES, JJ., dissent.

HOLMES, J., dissenting. The statute under consideration presents certain inequities if interpreted purely from either the standpoint of the employer or of the employee. If interpreted as here by the majority, the employee may continue working for the employer for a number of years at the claimed discriminatory wage rate, and then bring an action for double the differential, which recovery could conceivably be an astronomical amount.

On the other hand, if the section were interpreted so that the employee is limited in bringing the action to one year after the inception of the employment at the unlawful rate, this

250

would grant the employer the unfair advantage of being able to continue the unlawful employment practice indefinitely beyond the one-year period.

These were the considerations of the panel of the Tenth District Court of Appeals when it decided in *Evans* v. *Western Electric Co.* (1976), 50 Ohio App. 2d 233, that a recovery under R. C. 4111.17 would be limited under subsection (E) thereof to any wage differential occurring within the one-year period immediately prior to the initiation of an action therefor. I prefer to continue to follow that rule.

W. BROWN, J., concurs in the foregoing dissenting opinion.