**In re MINGO JUNCTION SAFETY FORCES ASSOCIATION, LOCAL NO. 1,**

[Cite as *In re Mingo Junction Safety Forces Assn.,
Local No. 1* (1991), 74 Ohio App.3d 313.]

Court of Appeals of Ohio,
Franklin County.

Nos. 90AP–1010 and 90AP–1011.

Decided May 28, 1991.

*Kapp Law Offices, J. Michael Kapp* and *Timothy R. Brookes,* for appellant.

*Lee I. Fisher,* Attorney General, and *Joseph M. Oser,* for appellee State Employment Relations Board.

*Ernie Wilson,* for appellee city of Mingo Junction.

BOWMAN, Presiding Judge.

In October 1989, appellant, Mingo Junction Safety Forces Association, Local No. 1 ("Local No. 1"), representing members of the police and fire departments of Mingo Junction, filed a notice to negotiate, pursuant to R.C. 4117.04, with the State Employment Relations Board ("SERB"). As required, a copy of the existing contract between Local No. 1 and Mingo Junction was attached. In response, Mingo Junction filed a motion to dismiss, contending SERB had no jurisdiction for the reason that Mingo Junction was not a public employer as defined in R.C. 4117.01(B) and attached a document that purported to be a copy of a portion of the 1980 federal census showing the population of Mingo Junction to be fewer than five thousand people. Local No. 1 filed a memorandum in opposition to the motion to dismiss, contending that Mingo Junction had availed itself of the procedures set forth in R.C. 703.02 *et seq.* and was classified as a city by the Secretary of State, and requested a hearing. Without ruling on Local No. 1's request for a hearing, SERB, on November 22, 1989, issued an order stating in part:

"It is the determination of this Board that Mingo Junction is not a 'public employer' as defined by the Ohio Revised Code Section 4117.01(B). The matter is directed to hearing on the issue of waiver of exemption. The statutory dispute settlement procedure is stayed pending disposition of the motion."

Both Local No. 1 and Mingo Junction filed motions to reconsider with SERB. Local No. 1 also filed a notice of appeal to the court of common pleas from the November 1989 SERB order (case No. 90AP–1011). Mingo Junction filed a motion to dismiss the appeal from the November SERB order on the basis that it was not a final order, as SERB had directed the matter for further hearings as to whether there was a waiver of exemption from the requirements of R.C. Chapter 4117 by Mingo Junction and argued that its status as a public employer could be determined or redetermined at that time.

While the appeal from the November SERB order was still pending, and before the trial court ruled on the motion to dismiss, SERB, on February 1, 1990, ruled on the motions of Local No. 1 and Mingo Junction for reconsideration. SERB sustained the motion for reconsideration filed by Mingo Junction and overruled the motion for reconsideration filed by Local No. 1, thus dismissing all matters before SERB. Local No. 1 again filed a notice of appeal to the court of common pleas (case No. 90AP–1010) and both cases were consolidated. The trial court found, as to the November SERB order, that it lacked jurisdiction as the SERB order was not issued pursuant to an adjudication and, since SERB had directed the matter for further hearings, it was not a final order. As to the February order, the trial court found it lacked jurisdiction over the subject matter but did not state the basis for its decision.

Appellant sets forth the following assignments of error:

"I. It is contrary to law for the State Employment Relations Board to declare the population of a municipality to be less than the population proclaimed by the Secretary of State pursuant to Ohio Revised Code Section 703.06.

"II. The State Employment Relations Board and the court of common pleas erred in dismissing this case without granting the appellant a hearing to introduce evidence on the issue of the city's waiver of its alleged exemption from SERB jurisdiction."

Appellant's assignments of error are related and will be addressed together.

In *South Community, Inc. v. State Emp. Relations Bd.* (1988), 38 Ohio St.3d 224, 527 N.E.2d 864, the court held, at the syllabus:

"The State Employment Relations Board is an 'agency' whose adjudications are made subject to judicial review pursuant to R.C. 119.12, specifically by R.C. 4117.02(M)."

In *Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities v. Professionals Guild of Ohio* (1989), 46 Ohio St.3d 147, 545 N.E.2d 1260, the court held, at paragraph three of the syllabus:

"An order of the State Employment Relations Board must comply with R.C. 2505.02 to be appealable."

■ Thus, in order to be appealable, SERB orders must not only be adjudication orders in compliance with R.C. Chapter 119, but must also be final orders as required by R.C. 2505.02.

An "adjudication" is defined in R.C. 119.01(D) as:

" * * * [T]he determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person, but does not include the issuance of a license in response to an application with respect to which no question is raised, nor other acts of a ministerial nature."

■ Both the November 1989 and February 1990 orders issued by SERB were orders issued by the highest authority within the agency, and its decision that Mingo Junction was not a public employer was a determination of the legal relationships of a person as "person" is defined in R.C. 4117.01(A).

■ SERB argues, and the trial court found, however, that there was no adjudication because no hearings were held and neither R.C. Chapter 4117 nor the rules and regulations adopted thereunder require a hearing to be held prior to the determination of the status of an entity as a public employer.

R.C. 119.06 provides in part:

"No adjudication order of an agency shall be valid unless the agency is specifically authorized by law to make such order. No adjudication order shall be valid unless an opportunity for a hearing is afforded in accordance with sections 119.01 to 119.13 of the Revised Code. Such opportunity for a hearing shall be given before making the adjudication order except in those situations where this section provides otherwise."

■ The only agency adjudication orders which may be made without a hearing are those pertaining to the issuance of licenses, or orders or decisions within an agency if there is an appeal process to a higher body within the agency. Neither exception is applicable here. When an agency issues an adjudication order, it must hold a hearing pursuant to R.C. 119.06 and any order issued without such a hearing is invalid. The hearing, however, need not be an evidentiary hearing where, as in this case, the issue to be determined is a legal issue, *i.e.*, the status of Mingo Junction as a public employer and whether that determination is to be based on the federal decennial census or R.C. 703.06 *et seq.* Pursuant to R.C. 119.06, Local No. 1 was entitled to a hearing to determine the status of Mingo Junction as a public employer.

Whether or not a hearing was, in fact, held does not change the character of the order issued from anything other than an adjudication order or deprive common pleas court of jurisdiction to hear an appeal from such an order.

However, although the November order was an adjudication order, it was not a final order as discussed in *Hamilton Cty. Bd. of Retardation, supra,* and *Ohio Historical Society v. State Emp. Relations Bd.* (1990), 48 Ohio St.3d 45, 549 N.E.2d 157. The November SERB order merely decided one issue, that is, the status of Mingo Junction as a public employer, and it directed further hearings to be held on the issue of whether Mingo Junction, by voluntarily entering into labor contracts with Local No. 1, although it had allegedly lost its status as a city or had not raised the issue of its status in the past, was bound to continue negotiating contracts pursuant to R.C. Chapter 4117. Thus, the trial court, in case No. 90AP–1011, was correct when it determined it did not have jurisdiction to hear the appeal, although the correct basis for the decision was that the November SERB order was not a final order rather than the stated reason that the order was not an adjudication order. Inasmuch as the trial court did not have jurisdiction to hear Local No. 1's appeal in case No. 90AP–1011, there was no basis on which it could admit additional evidence.

The February 1990 SERB order (case No. 90AP–1010) was, however, an adjudication order which was also a final order and the trial court was in error when it held it did not have jurisdiction to hear Local No. 1's appeal. However, for the reasons which follow, we find the error was not prejudicial.

"Public employer" is defined in R.C. 4117.01(B) as:

" * * * [T]he state or any political subdivision of the state located entirely within the state including, without limitation, any municipal corporation with a population of at least five thousand according to the most recent federal decennial census * * *."

R.C. Chapter 703 classifies municipal corporations into cities or villages based on population. Those municipal corporations with five thousand or more are cities, those with fewer than five thousand are villages. R.C. 703.01 specifically provides that " * * * [c]ities, which, at any federal census, have a population of less than five thousand, shall become villages. * * * " R.C. 703.02 *et seq.,* establishes a procedure whereby a city found to have a population of fewer than five thousand may avoid reverting to village status by making its own enumeration and, on that basis, retain its status as a city. Although the record is somewhat vague, it would appear Mingo Junction has

availed itself of the procedure set forth in R.C. Chapter 703 and has been proclaimed a city pursuant to R.C. 703.06 by the Secretary of State.

Appellant argues that R.C. Chapter 703 and R.C. 4117.01(B) must be construed *in pari materia* and that Mingo Junction, having utilized the procedure set forth in R.C. Chapter 703, and having been declared a city by the Secretary of State, cannot now deny its status and, therefore, must be a public employer for purposes of the collective bargaining statute.[1] We disagree.

In *State v. Fremont Lodge of Loyal Order of Moose* (1949), 151 Ohio St. 19, 26, 38 O.O. 506, 509, 84 N.E.2d 498, 503, the court held:

" 'The rule *in pari materia* is, of course, applicable only when the terms of the statute to be construed are ambiguous or its significance is doubtful. It is not to be applied to effect a construction contrary to the clearly manifested intent of the legislature. Courts have also refused to invoke the rule for the purpose of reading into a later act whole sections of former acts when there was no intimation of such an intent on the part of the legislature.' "

The statutory definition of "public employer" for purposes of R.C. 4117.01 is specific and is based on the most recent federal decennial census. Section 141, Title 13, U.S. Code provides:

"The Secretary shall, in the year 1980 and every 10 years thereafter, take a decennial census of population as of the first day of April of such year, which date shall be known as the 'decennial census date' * * *."

Thus, the statute looks to a clearly specified census to determine whether a public body is a public employer. On the other hand, R.C. Chapter 703 provides a city may revert to village status on the basis of *any* federal census which may or may not be the most recent decennial census. Since the terms used are neither vague nor ambiguous, no interpretation is required.

█ Appellant also argues that it was entitled to a hearing before SERB or in common pleas court to present evidence on the issue of waiver. In reliance on *State ex rel. Ohio Council 8 v. Spellacy* (1985), 17 Ohio St.3d 112, 17 OBR 260, 478 N.E.2d 229, appellant apparently argues that, having once entered into a collective bargaining agreement with Local No. 1, Mingo Junction is now required to continue to do so and, thus, has waived its exemption from R.C. Chapter 4117 based on its non-city status. Appellant's interpretation and

---

1. Appellant has not raised the constitutionality of R.C. 4117.01 or the validity of the classifications therein and we specifically do not address that issue.

reliance on *Spellacy* is misplaced. *Spellacy* held that a public employer, in that instance a court, that was exempted from the provisions of R.C. Chapter 4117 could, within its discretion, enter into a collective bargaining agreement but could not be required to do so. See, also, R.C. 4117.03(C), which recognizes a discretionary right of a public employer to enter into a collective bargaining agreement with employees otherwise exempt from the act but, again, in no way mandates such action.

Inasmuch as the issues to be determined by the common pleas court in a review of the February 1990 SERB order were questions of law and not questions of fact, appellant would not have been entitled to introduce new evidence.

Even though we have determined the common pleas court did have jurisdiction to hear appellant's appeal in case No. 90AP–1010, there would appear to be no basis on which to remand this matter as the questions presented are purely questions of law and, pursuant to App.R. 12(B), we therefore enter judgment in favor of appellees finding that R.C. Chapter 703 has no application to the definition of a "public employer" set forth in R.C. 4117.01(B) and that SERB did not err in determining it had no jurisdiction to hear the action filed by Local No. 1.

For the foregoing reasons, appellant's assignments of error are overruled and the judgments of the trial court are affirmed.

*Judgments affirmed.*

WHITESIDE and KLINE, JJ., concur.

ROGER L. KLINE, J., of the Pickaway County Court of Common Pleas, sitting by assignment.