GAMBLIN, Appellee,

v.

MONTGOMERY COUNTY DEPARTMENT OF HUMAN SERVICES, Appellant.

[Cite as *Gamblin v. Montgomery Cty. Dept. of Human Serv.* (1993), 89 Ohio App.3d 808.]

Court of Appeals of Ohio,
Montgomery County.

No. 13829.

Decided Aug. 3, 1993.

*Elaine S. Bernstein,* for appellee.

*Mathias Heck,* Montgomery County Prosecuting Attorney, and *John J. Amarante,* Assistant Prosecuting Attorney, for appellant.

BROGAN, Judge.

The Montgomery County Department of Human Services appeals from the judgment of the Common Pleas Court of Montgomery County reversing its decision to retroactively revoke Dorothy L. Gamblin's Type B Family Day–Care Home Certification.

The Montgomery County Department of Human Services ("MCDHS") advances two assignments of error, asserting that (1) its decision to revoke Gamblin's Type B provider certificate is not appealable and this court lacks jurisdiction over this case, and (2) the trial court erred in finding its decision as to the certificate to be unsupported by reliable, probative and substantial evidence.

The facts of this case are as follows.

In approximately 1986, Dorothy Gamblin obtained a Type B Family Day–Care Home Certification, allowing her to operate a day-care facility in her home.

On March 6, 1991, MCDHS inspected Gamblin's home and discovered that children were being cared for in the basement, in supposed violation of Ohio Adm.Code 5101:2–14–23. Consequently, on March 18, 1991, MCDHS informed Gamblin that her Type B Family Day–Care Home Certification would be revoked.

On June 24, 1992, MCDHS sent Gamblin another notice, which informed her of the following findings of noncompliance:

"1. On March 6, 1991, your basement was not in compliance with the Ohio Administrative Code Section 5101:2–14–23 and not approved for use in the provision of child day-care services under your Type B permit;

"2. You are in breach of your provider agreement and the Ohio Administrative Code in that department monitors found on March 6, 1991 that you used your basement for the provision of child day-care services;

"3. You are in breach of your provider agreement and the Ohio Administrative Code in that department monitors found on March 6, 1991 a substitute caregiver was present in your absence for whom no signed statement had been given to this agency as required by Ohio Administrative Code Section 5101:2–14–15;

"4. You are in breach of your provider agreement in that this department specifically warned you in the past not to use your basement for the provision of child day-care services or risk termination of your Type B certificate yet you used your basement for such services."

Gamblin was given thirty days to comply by doing all of the following.

"1. Provide the Montgomery County Department of Human Services with verifiable proof, satisfactory to the Department, of all relevant dimensions and features of your basement as it existed on March 6, 1991 at the time of your inspection in question sufficient to prove that your basement was in compliance with the Ohio Administrative Code and department rules at that time;

"2. Provide the Montgomery County Department of Human Services with verifiable proof, satisfactory to the Department, that your basement was not used for the provision of child day-care services on or before March 6, 1992; and

"3. Supply the Department of Human Services with an original or stamped copy of a signed statement from the adult person providing child care when department monitors arrived on March 6, 1991 executed and dated prior to that time proving compliance with Ohio Administrative Code Section 5151:2–14–15."

On July 14, 1992, MCDHS inspected Gamblin's premises, at which time the inspectors were photographed measuring a basement window and wall. Gamblin submitted additional evidence of compliance, including photographs, on July 20, 1992.

On July 24, 1992, MCDHS notified Gamblin that she had failed to make the necessary corrections listed in the June 24, 1992 letter, and that therefore her Type B certificate was revoked immediately, retroactive to March 29, 1992.

Gamblin appealed the revocation to the Common Pleas Court of Montgomery County on July 28, 1992. On November 30, 1992, the trial court rendered a

judgment in favor of Gamblin. MCDHS appealed that judgment on December 29, 1992.

In its first assignment of error, MCDHS asserts that its decision to revoke Gamblin's certificate is not appealable and that this court lacks jurisdiction over this case.

MCDHS argues that the revocation of Gamblin's certificate is not appealable pursuant to Ohio Adm.Code 5101:2–14–06, which controls the revocation and denial of Type B certificates. Specifically, MCDHS relies on the provision in Ohio Adm.Code 5101:2–14–06 which states that "[p]ursuant to section 5104.03 of the Revised Code, all decisions by the county director regarding denial and revocation [of Type–B Family Day–Care Home Certification] are final and not subject to appeal."

We find that revocations of Type B certificates are indeed appealable for the following reasons.

First, we agree that, at first glance, Ohio Adm.Code 5101:2–14–06 appears to state that denials and revocations of Type B certificates are not appealable. However, that provision also states that all decisions regarding revocations and denials of Type B certificates are pursuant to R.C. 5104.03. Thus, provisions set forth in Ohio Adm.Code 5101:2–14–06 must be in conformity with R.C. 5104.03.

However, R.C. 5104.03 addresses the application and revocation procedures applicable to child day-care centers and *Type A* licenses; revocations of these licenses are appealable pursuant to R.C. Chapter 119. No reference is made in *this* section to *Type B* certificates. Rather, Type B certificates are controlled by R.C. 5104.011. Thus, that portion of Ohio Adm.Code 5101:2–14–06 which requires the revocation of Type B certificates to be in conformity with R.C. 5104.03's procedures for Type A licenses is confusing at best.

Second, R.C. 5104.011(G) provides that "[t]he director of human services shall promulgate rules *pursuant to Chapter 119. of the Revised Code* governing the certification of Type B family day-care homes."

R.C. 119.12 provides that:

"Any party adversely affected by any order of an agency issued pursuant to an adjudication * * * revoking or suspending a license * * * may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located * * *."

A license is defined as "any license * * * [or] certificate * * * issued by any agency." R.C. 119.01(B). Thus, both R.C. 5104.03 and R.C. 5104.011 require compliance with R.C. Chapter 119.

In summary, R.C. 5104.03 clearly provides an appeal process for the revocation of child day-care and Type A licenses, thereby rendering it internally inconsistent with the statement in Ohio Adm.Code 5101:2–14–06 that revocations of Type B certificates are not subject to appeal. R.C. 5104.011's mandate that rules governing the certification of Type B certificates be promulgated pursuant to R.C. Chapter 119, which deals exclusively with appeals, renders it also internally inconsistent with Ohio Adm.Code 5101:2–14–06.

We find that R.C. 5104.011 is controlling here because it limits the rules dealing with Type B certificates to those in compliance with R.C. Chapter 119. Ohio Adm.Code 5101:2–14–06 does not comply with R.C. Chapter 119 and hence is not authorized by R.C. 5104.011. Therefore, revocations of Type B certificates can be appealed. MCDHS's first assignment of error is overruled.

■ In its second assignment of error, MCDHS asserts that the trial court erred in finding its decision to revoke Gamblin's Type B home-care provider certificate to be unsupported by reliable, probative and substantial evidence.

MCDHS revoked Gamblin's certificate on the basis that she had not complied with its orders to provide MCDHS with proof that her basement was not being used for the provision of child day-care services, that the basement was not being used for sleeping purposes, and that she had not provided a signed statement from the substitute caregiver providing care on March 6, 1991.

The trial court found that MCDHS's retroactive revocation of Gamblin's Type B certificate was not supported by reliable, probative, and substantial evidence and was contrary to law. See R.C. 119.12. See, also, *Republic Steel Corp. v. Hailey* (1986), 30 Ohio App.3d 103, 30 OBR 202, 506 N.E.2d 1215, paragraph two of the syllabus. (The court of common pleas can properly reverse an administrative order which rests upon inferences improperly drawn from the evidence.) The court noted that "there is a presumption that the agency's actual determinations are correct unless they are disproven by a preponderance of the evidence." See *Sterling Drug, Inc. v. Wickham* (1980), 63 Ohio St.2d 16, 17 O.O.3d 10, 406 N.E.2d 1363.

Specifically, the trial court found that MCDHS improperly inferred from the presence of a bed in the basement that the room was being used for sleeping or napping, notwithstanding Gamblin's assertion that the basement had not been used for sleeping purposes since May 1989.

Ohio Adm.Code 5101:2–14–07(A) provides that a room below ground level may be used for nonsleeping purposes if an outside window conforms to certain

specifications. The specifications for windows in such rooms used for sleeping purposes are more stringent.

We agree with the trial court that the mere presence of the bed in the basement was insufficient evidence for MCDHS to conclude that Gamblin was using the basement for sleeping purposes, particularly as she provides day-care out of her home. We further find that while Gamblin had been directed not to use the basement for the provision of day-care services in 1987, this directive was based upon a regulation, *i.e.*, Ohio Adm.Code 5101:2–14–23(C), that ceased to be in effect in 1989. Moreover, Gamblin's records for the years 1988, 1989 and 1990 indicate that her home, including the basement, was in compliance with the appropriate regulations.

MCDHS also requested that Gamblin provide it with an original or stamped copy of a signed statement from the adult person providing child care when department monitors arrived on March 6, 1991, executed and dated prior to that time, proving compliance with Ohio Adm.Code 5101:2–14–15. Ohio Adm.Code 5101:2–14–15 requires that the parent and county director must be notified of all planned absences of less than twenty-four hours. The record indicates that Gamblin required an substitute caregiver due to an emergency; it was not a planned absence. Therefore, Ohio Adm.Code 5101:2–14–15 does not apply to Gamblin's situation. We agree with the trial court that MCDHS's finding that Gamblin was not in compliance with Ohio Adm.Code Chapter 5101:2–14 was not supported by reliable, probative and substantial evidence and was not in accordance with existing law. MCDHS's second assignment of error is overruled.

The judgment of the Montgomery County Court of Common Pleas is affirmed.

*Judgment affirmed.*

GRADY, P.J., and FREDERICK N. YOUNG, J., concur.