BRUNO, Appellant,

v.

CUYAHOGA COMMUNITY COLLEGE, DISTRICT
ADMINISTRATIVE SERVICES, Appellee.

[Cite as *Bruno v. Cuyahoga Community College,
Dist. Adm. Serv.* (1993), 90 Ohio App.3d 645.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 63423.

Decided Oct. 12, 1993.

*Marshman, Snyder, Berkeley & Kapp, A. Dale Naticchia* and *Laurence R. Snyder,* for appellant.

*Lee Fisher,* Attorney General, *Steven D. Williger* and *Thomas J. Wiencek,* Special Counsel, for appellee.

---

*Per Curiam.*

Plaintiff-appellant, Ernest Bruno, appeals from the granting of summary judgment in favor of defendant-appellee, Cuyahoga Community College, District Administrative Services. Bruno was hired by appellee in 1974. Bruno alleged in his complaint which was filed in the trial court on April 2, 1991 that appellee had paid him a discriminatory wage pursuant to R.C. 4111.17 since, at the earliest, his hiring date. The trial court granted appellee's motion for summary judgment specifically "on basis of bar of statute of limitations."

Appellant's sole assignment of error is sustained. His allegation that he was being paid a discriminatory wage was of a continuing nature in that he suffered a denial of equal pay with each paycheck. See *Corning Glass Works v. Brennan* (1974), 417 U.S. 188, 94 S.Ct. 2223, 41 L.Ed.2d 1; *Hall v. Ledex, Inc.* (C.A.6, 1982), 669 F.2d 397; *Satz v. ITT Financial Corp.* (C.A.8, 1980), 619 F.2d 738. Since "the requirement in R.C. 4111.17(E) that actions initiated under R.C. 4111.17(D) for the recovery of sex-based wage differentials from the date of the commencement of the violation 'shall be initiated within one year after the date of violation' limits the time in which actions can be brought from the *last date of such discrimination* [emphasis added]," *Featzka v. Millcraft Paper* (1980), 62 Ohio St.2d 245, 16 O.O.3d 280, 405 N.E.2d 264, syllabus, appellant's complaint was timely filed under R.C. 4111.17(E).

The judgment is reversed and the cause is remanded for proceedings to be consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

NAHRA, P.J., JAMES D. SWEENEY and HARPER, JJ., concur.