The STATE of Ohio, Appellee,

v.

HENDKING, Appellant.

[Cite as *State v. Hendking* (1993), 91 Ohio App.3d 137.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 63749.

Decided Oct. 12, 1993.

*Richard A. Bell,* Assistant Prosecuting Attorney, for appellee.

*Hildebrand, Williams & Farrell* and *Patrick M. Farrell,* for appellant.

---

NAHRA, Judge.

Appellant, C.L. Hendking, is appealing his conviction for receiving stolen property, a violation of R.C. 2913.51. Appellant contends his conviction was based on insufficient evidence. For the following reasons, we affirm.

Lu Ann Wagner was at work in the Business and Administration Building at Cuyahoga Community College. Shortly after 1:30 p.m., she discovered her purse had been stolen from her desk. Wagner recovered her purse from the first floor men's room, but her pager and wallet were missing.

In the basement garage of the same building, around 1:40 p.m., Patricia Long had her purse stolen. Long's screams were heard by Dr. Green, a professor at work in the building. Green observed a man running in the courtyard, and chased the man into the housing projects located across the street from the campus.

Neighbors told the police and Dr. Green that they saw the suspect run inside a certain apartment. Police arrested appellant at 2:03 p.m. at an apartment rented by appellant's sister, Jamie Dues. Dr. Green then identified the appellant as the man he saw running on the campus.

Appellant's aunt and his sister testified that appellant was in the kitchen of Dues's apartment and in Dues's bedroom shortly before the arrest. Appellant's aunt discovered Wagner's pager in a cereal box in the kitchen at 6 p.m. the evening of the arrest. Dues found Wagner's wallet in her bedroom, around 10 p.m. that same evening.

At trial, Wagner's wallet was entered into evidence. She testified that its contents were the same as the date of the theft, except money and credit cards which were in the wallet the day of the theft were not in the wallet at trial. Wagner stated the credit card accounts were closed, so she destroyed the cards. She did not state whether the accounts were closed before or after the theft. An Ohio Bell calling card was present in the wallet at trial.

Appellant was acquitted of the charge of the robbery of Patricia Long's purse. He was found guilty of receiving stolen property, to wit, a pager, a wallet, money and credit cards belonging to Lu Ann Wagner.

■ Appellant's sole assignment of error states:

"The trial court erred in denying defendant's motions for acquittal where the prosecution failed to prove beyond a reasonable doubt that defendant received stolen credit cards."

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

The essential elements of receiving stolen property are set out in R.C. 2913.51(A):

"No person shall receive, retain, or dispose of property of another, knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."

If the value of the property involved is less than $300, receiving stolen property is a misdemeanor of the first degree. R.C. 2913.51(B). If the property involved is a credit card, the offense is a felony of the fourth degree. R.C. 2913.71.

Appellant contends the prosecution failed to prove the property involved included credit cards. Appellant argues that there was no proof that the credit cards were in his possession, and even if they were, they were not "credit cards" as defined by R.C. 2913.01(U).

There was sufficient evidence to convince the average mind that appellant was in possession of stolen credit cards. Lu Ann Wagner testified she had credit cards in her wallet on the day of the theft. An Ohio Bell card was present in her wallet when it was entered as an exhibit. Wagner's wallet was found in a bedroom where appellant had been shortly after the theft occurred. Wagner stated her property was returned to her by the police the next day. A reasonable mind can infer that the credit cards were in the wallet when appellant had possession of it. Circumstantial evidence has the same probative value as direct evidence, and may establish an element of a crime beyond a reasonable doubt. See *Jenks, supra.*

■ Appellant contends a credit account must be open at the time of the offense in order for the card to meet the definition of credit card set out in R.C. 2913.01(U). R.C. 2913.01(U) states:

" 'Credit card' includes, but is not limited to, a card, code, device, or other means of access to a customer's account for the purpose of obtaining money, property, labor, or services on credit, or for initiating an electronic fund transfer at a point-of-sale terminal, an automated teller machine, or a cash dispensing machine."

A legislative intent to require that credit accounts be open cannot be inferred from the language or purpose of the statute. See *Featzka v. Millcraft Paper Co.* (1980), 62 Ohio St.2d 245, 16 O.O.3d 280, 405 N.E.2d 264. The definition does not include any language specifically requiring that the credit account be open. In determining the meaning of a statute, a court may not insert words not used. *Wheeling Steel Corp. v. Porterfield* (1970), 24 Ohio St.2d 24, 53 O.O.2d 13, 263 N.E.2d 249; see *Montepelier Pub. Library v. Williams Cty. Budget Comm.* (1991), 61 Ohio St.3d 390, 395, 575 N.E.2d 152, 156.

Furthermore, an expired or cancelled credit card may still be a means to access a customer's account, as recognized by R.C. 2913.21, entitled "Misuse of Credit Cards." A person could attempt to use the cancelled card at a store which utilizes paper authorization books published monthly, rather than an electronic authorization machine. Thus, even if the credit account is closed, the credit card still fits the statutory definition of a means to access a customer's account. R.C. 2913.01(U).

Additionally, the purpose of R.C. 2913.71 is to increase the penalties for receipt or theft of stolen credit cards, because the cards can be used to obtain hundreds

or thousands of dollars in cash or merchandise. Committee Comment to Am.Sub. H.B. No. 511, Ohio Legislative Service Comm. Summary of Enactments (1972). It may be possible to use the card to obtain cash and merchandise, even if the account is closed. Therefore, it would defeat the legislative purpose to require the prosecution to prove that the credit accounts were open.

The evidence was sufficient to support a conviction for receiving stolen credit cards.

Accordingly, the assignment of error is overruled.

The decision of the trial court is affirmed.

*Judgment affirmed.*

DYKE, C.J., and KRUPANSKY, J., concur.