DECISION
Appellants, Fraternal Order of Police, Ohio Labor Council, Inc. ("FOP") and State Employment Relations Board ("SERB"), appeal the decision of the Franklin County Court of Common Pleas ruling that appellee, city of Pataskala, was not a "public employer" and, therefore, exempt from Ohio's public employees' collective bargaining provisions. Because we find that the trial court improperly interpreted R.C. 4117.01(B)'s definition of a "public employer," we reverse.
The facts in this case are undisputed. On January 1, 1996, the village of Pataskala and Lima Township merged. According to the 1990 federal decennial census, the village of Pataskala had a population of 3,046 and Lima Township had a population of 4,408. In December 1996, pursuant to R.C. 703.011, the Secretary of State designated that Pataskala had received "city status" by virtue of having more than five thousand resident electors register for the 1996 general election.
On July 15, 1997, pursuant to R.C. 4117.05(A)(2), the FOP filed two requests for recognition with SERB — one seeking to be certified as the exclusive representative of the full-time patrol officers and one seeking to be certified as the exclusive representative of the full-time sergeants employed by the police department of the city of Pataskala. The city opposed the requests for recognition, arguing that it was not a "public employer" and, therefore, exempt from Ohio's public employees' collective bargaining provisions. A "public employer" is defined in R.C. 4117.01(B) as "the state or any political subdivision of the state located entirely within the state including, without limitation, any municipal corporation with a population of at least five thousand according to the most recent federal decennial census."
On October 16, 1997, SERB referred the matter to a hearing officer on the issue of whether the city of Pataskala was a "public employer" and for all other relevant issues. On January 20, 1998, the hearing officer filed her recommended determination concluding that the city of Pataskala was a "public employer" and recommending that SERB certify the FOP as the exclusive representative of the two proposed bargaining units. On March 27, 1998, SERB adopted the hearing officer's recommendation.
On April 8, 1998, the city of Pataskala appealed to the Franklin County Court of Common Pleas pursuant to R.C. 119.12. On December 8, 1998, the common pleas court issued its decision reversing SERB's certification, holding that the city of Pataskala was not a "public employer" under the language of R.C. 4117.01(B) because it did not have a population of at least five thousandaccording to the most recent federal decennial census. In particular, the court of common pleas ruled that because the city of Pataskala did not exist at the time of the 1990 census, it did not have its population reported therein and, as such, did not have any population (let alone of at least five thousand) according to that census. On December 23, 1998, the court of common pleas filed a judgment entry reflecting its decision. It is from this judgment entry that the FOP and SERB timely appealed.
The FOP raises the following single assignment of error:
 The Franklin County Common Pleas Court erred in finding that the decision of the State Employment Relations Board was not supported by reliable, probative and substantial evidence and was not in accordance with law.
SERB raises the following single assignment of error:
 THE LOWER COURT ERRED IN DETERMINING AS A MATTER OF LAW THAT THE APPELLANT/APPELLEE, CITY OF PATASKALA, WAS NOT A PUBLIC EMPLOYER FOR THE PURPOSES OF R.C. 4117.01(B), THEREBY RESULTING IN THE LOWER COURT'S ERRONEOUS HOLDING THAT THE INTERVENOR/APPELLANT STATE EMPLOYMENT RELATIONS BOARD'S "CERTIFICATION OF EXCLUSIVE REPRESENTATION" WAS NOT SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE AND WAS NOT IN ACCORDANCE WITH LAW.
Both assignments of error challenge the lower court's legal determination that the city of Pataskala is not a "public employer." We address both together.
As in any case of statutory construction, the paramount goal is to ascertain and give effect to the legislature's intent in enacting the statute. Brooks v. Ohio State Univ. (1996),111 Ohio App.3d 342, 349 (citing Featzka v. Millcraft Paper (1980),62 Ohio St.2d 245). In so doing, the court must first look to the plain language of the statute itself to determine the legislative intent. State ex rel. Burrows v. Indus. Comm. (1997), 78 Ohio St.3d 78,81; In re Collier (1993), 85 Ohio App.3d 232, 237. However, where a statute is found to be subject to various interpretations, a court called upon to interpret its provisions may invoke rules of statutory construction to determine legislative intent. State v. Smith (1996), 108 Ohio App.3d 663,667; Brooks, supra. Ambiguity in a statute exists if its language is susceptible to more than one reasonable interpretation. See,e.g., State ex rel. Toledo Edison Co. v. Clyde (1996), 76 Ohio St.3d 508,513.
The court below held that the statute is clear and unambiguous and mandates a finding that appellee is not a public employer, because it did not exist at the time of the 1990 federal census. We disagree, finding that the language of R.C. 4117.01(B) does not clearly and unambiguously require that the specific municipal entity itself have been in existence at the time of the most recent federal decennial census.
The statutory language of R.C. 4117.01(B) requires only two things. First, the entity must be a municipality, which the city of Pataskala clearly is. Second, the entity must have a population of at least five thousand according to the most recent federal decennial census. As noted above, the trial court interpreted the phrase "according to the most recent federal decennial census" to essentially mean "as reported for that entity in the most recent federal decennial census." As such, only those entities in existence at the time of the census and having a reported population of at least five thousand in that census can qualify as a public employer.
However, such an interpretation is neither the only nor the most reasonable interpretation. The phrase "according to" means "in conformity with," "as stated or attested by," or "depending on." Merriam Webster's Collegiate Dictionary (10 Ed. 1994) 8. Thus, in this context, the phrase "according to the most recent federal decennial census" reasonably means that the population determination must be made only in reference to (i.e., in conformity with or depending on) the most recent federal decennial census. In other words, the most recent federal decennial census must be the only source from which the population determination is made. See In re Mingo Junction Safety ForcesAssn., Local No. 1 (1991), 74 Ohio App.3d 313, 319 (holding that R.C. 4117.01[B] looks to a "clearly specified census" to determine whether a municipality is a public employer and that Secretary of State's designation of a municipality as a city pursuant to R.C. Chapter 703 is immaterial).
Here, referencing the 1990 federal census, the city of Pataskala has a population of 7,454 — the sum of the populations reported in the 1990 census for the city's predecessor entities, the village of Pataskala and Lima Township. Thus, under this reasonable interpretation of R.C. 4117.01(B) as advanced by appellants, the city of Pataskala has a population of at least five thousand according to the most recent federal decennial census.
Given that the definition of "public employer" is susceptible of more than one reasonable interpretation, this court must defer to the interpretation advanced by SERB. Lorain CityBd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, paragraph two of the syllabus. ("Courts must afford due deference to the State Employment Relations Board's interpretation of R.C. Chapter 4117.") See, also, R.C. 1.49(F) (administrative construction of statute is one factor to be considered when interpreting an ambiguous statute). As the Ohio Supreme Court has stated:
 * * * The General Assembly has entrusted SERB with the responsibility of administering the statute, and has bestowed upon it the special function of applying the statute's provisions to the complexities of Ohio's industrial life. In so doing, it has delegated to SERB the authority to make certain policy decisions. Our review is limited to whether SERB's policy is unreasonable or in conflict with the explicit language of R.C. Chapter 4117. * * * [State Emp. Relations Bd. v. Miami Univ.
(1994), 71 Ohio St.3d 351, 353.]
As such, we find that the trial court erred in ruling that the city of Pataskala is not a "public employer" under R.C.4117.01(B). Appellants' assignments of error are both well-taken and are sustained.
Accordingly, the judgment of the Franklin County Court of Common Pleas is hereby reversed and this cause is remanded for further proceedings.
Judgment reversed and cause remanded.
BOWMAN and BROWN, JJ., concur.