**OHIO BUS SALES, INC., Appellee and Cross–Appellant,**

**v.**

**TOLEDO BOARD OF EDUCATION et al.; Nollenberger Truck Center, Inc. et al., Appellants and Cross–Appellees.**

[Cite as *Ohio Bus Sales, Inc. v. Toledo Bd. of Edn.* (1992), 82 Ohio App.3d 1.]

Court of Appeals of Ohio,
Lucas County.

No. L–91–303.

Decided Aug. 7, 1992.

*John F. Hayward, H. Frank McDaniel* and *Stephen A. Rothschild,* for appellee and cross-appellant.

*W. David Arnold,* for appellants and cross-appellees.

*Per Curiam.*

This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted summary judgment to plaintiff-appellee and cross-appellant Ohio Bus Sales, Inc. ("Ohio Bus") on its request for a permanent injunction. Defendants-appellants and cross-appellees, Nollenberger Truck Center, Inc. ("NTC") and Transportation Equipment Sales Corporation ("TESCO"), appeal that judgment and assert the following assignment of error:

"The trial court erred by granting the motion for summary judgment of plaintiff Ohio Bus Sales and denying the motion for summary judgment of intervening defendants Nollenberger Truck Center and Transportation Equipment Sales Corporation."

Ohio Bus raises a single assignment of error on cross-appeal:

"The trial court erred by not ruling that R.C. § 3327.08 violates the Equal Protection Provisions of the Ohio and United States Constitutions."

On May 30, 1991, Ohio Bus filed a complaint in the Lucas Court of Common Pleas in which it named the Toledo Board of Education ("board") and Lee Fisher, Attorney General of the state of Ohio, as defendants. Ohio Bus alleged that the board had advertised for bids for fifteen fifty-four passenger transit-type buses to be purchased by the board. Ohio Bus contended that despite the fact that its bid was the lowest responsible bid, the board voted to award the contract for the purchase of the fifteen buses to NTC (bus chassis supplier) and TESCO (bus body supplier). Ohio Bus asserted that the board had rejected its bid due to an alleged noncompliance with R.C. 3327.08. Ohio Bus requested a permanent injunction enjoining the board from entering into a contract with either NTC or TESCO. In addition, Ohio Bus asked the court to declare that the board's acceptance of the NTC/TESCO bid was in violation of R.C. 3313.46 and was therefore null and void. Ohio Bus also requested that the court declare that it had complied with R.C. 3327.08 in the submission of its bids. In the alternative, Ohio Bus asked the trial court to declare that R.C. 3327.08 is unconstitutional because it violates the Equal Protection Clauses of both the United States and Ohio Constitutions.

NTC and TESCO were allowed to intervene as defendants in the proceedings below. On June 14, 1991, the board filed a motion for summary judgment. It argued that R.C. 3327.08 required the submission of "separate and independent" bids with "respect to the chassis and body type"; that Ohio Bus failed to submit separate bids as to the chassis and body type; and that this resulted in the rejection of the Ohio Bus bids. The board further argued that R.C. 3327.08 is not violative of the state and federal Equal Protection Clauses. The summary judgment motion was supported by, among other

things, the affidavit of David Decsman, Director of Transportation for the Toledo Public Schools; the minutes of the board meeting wherein Ohio Bus bids were rejected and those of NTC/TESCO were accepted; the specifications issued by the board for the furnishing of the school buses; and copies of the bids submitted by Ohio Bus, NTC and TESCO.

On June 14, 1991, Ohio Bus filed a motion for summary judgment, which was supported by the affidavit of John Blackford, sales representative for Ohio Bus. Subsequently, both the Attorney General of Ohio and NTC/TESCO filed motions for summary judgment. Each summary judgment motion addressed the construction of R.C. 3327.08, the question of whether Ohio Bus had complied with R.C. 3327.08 in submitting its bids, the issue of whether the board had violated R.C. 3313.46(G) by not accepting the "lowest responsible bid," and/or the constitutionality of R.C. 3327.08.

The relevant undisputed facts revealed in the materials filed in support of the various motions for summary judgment are as follows.

Ohio Bus distributes and sells school buses manufactured by the Bluebird Company ("Bluebird"). Bluebird manufactures and sells both bodies and chassis for transit-type buses. Due to the fact that no other manufacturer makes a body or a chassis which is compatible with those made by its company, Bluebird does not permit its distributors to sell its bodies and chassis separately. That is, Ohio Bus markets its buses as a complete unit. On the other hand, NTC and TESCO manufacture separate bus bodies or bus chassis that are assembled with the body or chassis of another manufacturer to make a complete bus.

In April 1991, the board advertised for bids for fifteen fifty-four passenger transit-type buses, inclusive of five buses with wheelchair lifts. Ohio Bus submitted four separate bids for the two types of buses. The forms used for the purpose of bidding were those specified by the board in its specifications manual. The Ohio Bus bids include two school bus chassis bid forms and two school bus body bid forms. However, each bid form contained a base price that encompassed the total cost of both a body and a chassis. For a single bus without a wheelchair lift, the unified base bid for a chassis and body was $41,978 (total bid equaled $42,304 per bus); for a bus with a wheelchair lift, the unified base bid per bus was $42,616 (total bid equaled $45,892 per bus). NTC submitted a bid of $27,392 for each bus chassis. TESCO submitted a bid of $15,741 for each bus body without a wheelchair lift and $18,670 for a bus body with a lift.

On May 28, 1991, the board accepted the bids of NTC (chassis) and TESCO (body). It rejected the Ohio Bus bids because they allegedly did not conform to the requirements of R.C. 3327.08.

On July 31, 1991, the trial court entered a judgment in which it granted Ohio Bus' motion for summary judgment and denied the like motions of the other parties. The lower court did not reach the constitutional issue or the issue of whether the bids submitted by Ohio Bus could be deemed separate and independent bids under R.C. 3327.08. Rather, the court below construed R.C. 3327.08 and found that the clear and unambiguous language of the statute requires the board to accept separate and independent bids for bus bodies and chassis but does not mandate a separate, independent bid listing either the base price of a chassis or a base price of a body. The court further found that, even assuming the pertinent language used in R.C. 3327.08 was ambiguous, the statute must be read *in pari materia* with R.C. 3313.46(G), which requires that in competitive bidding for a public project the entity submitting the lowest responsible bid must be awarded the contract. The lower court concluded that in interpreting the statutes together, the intent of the legislature and the purpose of the bidding statutes would be obviated by accepting only separate bids—one for bodies and one for chassis. Based upon its construction of R.C. 3327.08, the court below granted the request for a permanent injunction, declared that Ohio Bus had complied with the statute, declared that Ohio Bus was the lowest responsible bidder, and declared that the board had failed to comply with R.C. 3313.46. The board was enjoined from entering into contracts with NTC/TESCO and ordered to award the contract for the purchase of the fifteen buses to Ohio Bus. Neither the board nor the Attorney General appealed this judgment and are, therefore, not parties to this appeal.

In their sole assignment of error, NTC/TESCO contend that the trial court erred in its construction of R.C. 3327.08. They also contend that, due to the lack of evidence demonstrating that Ohio Bus was the lowest responsible bidder, the trial court erred by ordering the board to award the contract to Ohio Bus.

Summary judgment is a method for promptly disposing of actions in which there is no genuine issue as to a material fact. *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2, 24 O.O.3d 1, 2, 433 N.E.2d 615, 616. It can be awarded only where reasonable minds, in construing the evidence in a light most favorable to the nonmoving party, can reach but one conclusion and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *id.* Then, and only then, is the moving party entitled to summary judgment as a matter of law. Civ.R. 56(C). The moving party bears the burden of showing no genuine issue exists as to any material fact. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. Once the moving party provides specific reasons for summary judgment with supporting evidence, the nonmoving party bears a reciprocal burden to produce

evidence on any issue for which that party bears the burden of production. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099, citing *Celotex v. Catrett* (1986), 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273.

R.C. 3327.08(D) provides, in material part:

"The purchase of school buses shall be made only after competitive bidding in accordance with divisions (B), (C), (D), (E), (F), (G), (I), and (J) of section 3313.46 of the Revised Code. *Separate and independent bids shall be received with respect to the chassis and body type, and shall state that the buses, when assembled and prior to delivery, comply with the safety regulations of the department of education* adopted by and with the advice and consent of the director of highway safety pursuant to section 4511.76 of the Revised Code and all other pertinent provisions of law." (Emphasis added.)

The relevant portion of R.C. 3313.46 reads:

"(G) None but the lowest responsible bid shall be accepted. The board may reject all the bids, or accept any bid for both labor and material for such improvement or repair, which is the lowest in the aggregate. In all other respects, the award of contracts for improvement or repair, but not for purchases made under section 3327.08 of the Revised Code, shall be pursuant to section 153.12 of the Revised Code."

■■■ The paramount goal in the construction or interpretation of a statute is to ascertain and give effect to the legislature's intent in enacting that statute. *Featzka v. Millcraft Paper Co.* (1980), 62 Ohio St.2d 245, 247, 16 O.O.3d 280, 282, 405 N.E.2d 264, 266. A court must first look to the language of the statute to determine legislative intent. *Ohio State Bd. of Pharmacy v. Frantz* (1990), 51 Ohio St.3d 143, 145, 555 N.E.2d 630, 632; *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 105, 65 O.O.2d 296, 298, 304 N.E.2d 378, 381. Under the Revised Code, words and phrases must be read in context and construed according to common usage. R.C. 1.42. Where the words of a statute are plain and unambiguous, it is the court's duty to enforce that statute—not interpret it. *Provident Bank, supra,* at 105–106, 65 O.O.2d at 298, 304 N.E.2d at 381. It is only where the words of a statute are ambiguous, are based upon an uncertain meaning, or there is an apparent conflict of some provisions, that a court has the right to interpret a statute. R.C. 1.49; *Kroff v. Amrhein* (1916), 94 Ohio St. 282, 285, 114 N.E. 267, 268. Finally, if an ambiguity exists in the wording of a statute or the significance of the terms of a statute are doubtful, the *in pari materia* rule of construction is applicable. *State ex rel. Celebrezze v. Bd. of Commrs. of Allen Cty.* (1987), 32 Ohio St.3d 24, 27–28, 512 N.E.2d 332, 335. See, also, *Hough v.*

*Dayton Mfr. Co.* (1902), 66 Ohio St. 427, 434, 64 N.E. 521, 523. Statutes or sections of statutes which explicitly refer to each other are regarded as being *in pari materia. Beach v. Beach* (1955), 99 Ohio App. 428, 434, 59 O.O. 187, 190, 130 N.E.2d 164, 167. It is the duty of the court to construe such statutes so that they are consistent and harmonious with a common policy and give effect to legislative intent. *Suez Co. v. Young* (1963), 118 Ohio App. 415, 25 O.O.2d 315, 195 N.E.2d 117.

■ NTC/TESCO assert that the language of R.C. 3327.08 is plain and unambiguous. They focus upon the word "shall" to support the proposition that bidders competing for the opportunity to provide school buses to a public school system must *always* submit a separate bid listing the purchase price of a school bus body and a separate bid listing the purchase price of a school bus chassis.

The material clause in R.C. 3327.08 states: "Separate and independent bids shall be received with respect to the chassis and body type * * *." We find this clause to be ambiguous. Clearly, the clause mandates that the board receive separate and independent bids as to the chassis and body type but, as stated by the trial court, it does not mandate that *only* separate and independent bids be received. Also, the relevant clause could be read as mandating receipt of separate bids only for each kind or type of chassis and body to be purchased. Finally, the clause could be construed as mandating the receipt of only separate and independent bids for the body and chassis, but not preventing the bidder from listing a composite price on each of those bids. See *Ingraham v. Medina Cty. Bd. of Edn.* (Apr. 24, 1991), Medina App. No. 1947, unreported, 1991 WL 65107. For this reason, R.C. 3327.08, which explicitly refers to R.C. 3313.46(G), must be read *in pari materia* with R.C. 3313.46(G) in order to effectuate legislative intent.

■ R.C. 3313.46(G) requires a board of education to either reject all bids or to accept the lowest responsible bid. The purpose of the competitive bidding statute, R.C. 3313.46, is obviously to enable school boards to repair, improve, or, as in this case, purchase property utilized by the school system at the lowest possible cost to the public that is consistent with the best workmanship. See, *e.g., Perkins v. Bright* (1923), 109 Ohio St. 14, 19–20, 141 N.E. 689, 690 (construing provision of the General Code similar to R.C. 3319.46). Preventing a board from accepting the "lowest responsible bid" simply because the purchase price on a particular bid is a composite of the cost of the bus chassis and bus body would decrease competitive bidding and contravene the underlying purpose of the statute. Therefore, the sections must be construed together so that the sphere of competitive bidding is enlarged rather than restricted. Accordingly, the trial court properly found that, as a

matter of law, a board of education can receive both separate bids for the body and chassis of school buses and composite bids for the same. This construction provides the board with the widest possible range from which to select the "lowest responsible bid."

NTC/TESCO also argue that the board could reject the Ohio Bus bids because they did not conform to board specifications. This legal theory was not raised or reached in the trial court and may therefore be disregarded by this court on appeal. *In re Dismissal of Mitchell* (1979), 60 Ohio St.2d 85, 90, 14 O.O.3d 307, 310, 397 N.E.2d 764, 768; *AMF, Inc. v. Mravec* (1981), 2 Ohio App.3d 29, 32, 2 OBR 32, 34–35, 440 N.E.2d 600, 604.

Lastly, NTC/TESCO assert that the trial court had insufficient evidence before it to determine that Ohio Bus was the "lowest responsible bidder." NTC/TESCO therefore argue that the lower court could not order the board to enter into a contract with Ohio Bus for the purchase of the fifteen school buses.

Pursuant to R.C. 3313.46(G), a board of education must, in accepting a bid, determine the bid to be responsible and to be the lowest responsible bid. *Hudson v. Wheelersburg Rural School Dist. Bd. of Edn.* (1931), 41 Ohio App. 402, 179 N.E. 701. A board has the discretion to evaluate the responsibility of the bidders. *Id.* See, also, *State ex rel. R & R Roofing & Sheet Metal, Inc. v. S. Point Bd. of Edn.* (Sept. 23, 1983), Lawrence App. No. 1658, unreported, 1983 WL 3280. Thus, the lowest bidder may not be the most responsible bidder. *Hudson, supra.* Absent an abuse of discretion, the board's decision as to the "lowest responsible bidder" cannot be overturned. *State ex rel. R & R Roofing & Sheet Metal, Inc., supra.*

In the case before us, the Ohio Bus bid was eliminated from the competition solely on the basis of the disputed language of R.C. 3327.08. The board never reached the issue of whether Ohio Bus was the "lowest responsible bidder." Because it is the board's duty, not the trial court's duty, to make this decision, the Lucas County Court of Common Pleas erred in ordering the board to enter into a contract for the purchase of the fifteen school buses.

For these reasons, the sole assignment of error asserted by NTC/TESCO is found not well taken in part and well taken in part. As to Ohio Bus's cross-assignment of error, our decision on the merits relieves this court of any duty to consider the constitutionality of R.C. 3327.08(D). See *Greenhills Home Owners Corp. v. Greenhills* (1966), 5 Ohio St.2d 207, 34 O.O.2d 420, 215 N.E.2d 403, paragraph one of the syllabus. Accordingly, Ohio Bus's cross-assignment of error is found not well taken.

The judgment of the Lucas County Court of Common Pleas is affirmed as to its construction of R.C. 3327.08 and 3313.46(G). That part of the judgment ordering the board to enter into a contract with Ohio Bus is reversed and vacated. The injunction enjoining the board from entering into contracts with NTC/TESCO is continued until such time as the board considers all bids received and determines the "lowest responsible bidder." This cause is remanded to the trial court for entry of this court's judgment. Court costs of this appeal are to be shared equally between NTC, TESCO and Ohio Bus.

*Judgment accordingly.*

HANDWORK, ABOOD and MELVIN L. RESNICK, JJ., concur.