FRERICKS–RICH, Appellant,

v.

ZINGARELLI, Appellee.

[Cite as *Frericks–Rich v. Zingarelli* (1994), 94 Ohio App.3d 357.]

Court of Appeals of Ohio,
Franklin County.

No. 93APE12–1720.

Decided April 14, 1994.

Plymale & Associates and Ronald E. Plymale, for appellant.

Zingarelli Law Offices and Larry R. Zingarelli; William J. O'Malley, for appellee.

BOWMAN, Judge.

In July 1986, appellant, Julia E. Frericks–Rich, filed a complaint against her employer with the Ohio Civil Rights Commission, asserting that she was the victim of sexual discrimination in her employment and sexual harassment by her employer. While this complaint was pending, appellant spoke with appellee, Larry R. Zingarelli, an attorney, about a potential lawsuit against her employer.

Appellant asserts that she retained appellee to prosecute her claims against her former employer for money damages and to obtain the redress to which she was entitled by law. During their initial meeting, appellant alleges she explained to appellee that she did not have the money to pay him for his services, so appellee orally agreed to advance the expenses for her case and told her that his fee would be one third of her recovery. Thereafter, appellant alleges she met with appellee or his associate on a number of occasions to discuss her case, which she was told was worth at least $300,000.

Appellee claims that, during their initial meeting, he discussed his fees with appellant, noting that he would require her to sign a fee agreement under which she would be required to pay all costs of any litigation, as well as surrender one third of any recovery to him as a fee. Appellee asserts that he never offered to advance expenses for appellant.

Contacts between appellant and appellee continued and several affidavits were taken in preparation for litigation. Appellee asserts that, in September 1986, he noticed that appellant had not signed the attorney-client fee agreement, so he sent her a letter informing her that, unless she signed the attorney-client fee agreement within two weeks, her case would not be pursued. Appellee did not receive a response from appellant and, shortly thereafter, contact with appellant ceased completely. Appellee alleges he attempted to call appellant; however, it was no longer possible to reach her at the phone number that appellee had on

file. Appellee then assumed that appellant did not wish to prosecute her claim and, after a six-month period of inactivity, he closed her file.

In January 1987, appellant moved to Florida and alleges she left her new address with appellee. In an affidavit, appellant asserts that appellee never asked her to sign a contingent fee agreement and she did not receive an agreement from appellee. In addition, she states she did not receive a letter from appellee concerning the contingent fee agreement. After appellant moved to Florida, appellant asserts she and appellee continued to discuss her case by phone, including discussions about statements of various witnesses, the effect on her case and appellant's receipt of a "right to sue" letter, a copy of which appellee already had in his possession.[1] Because of the federal court backlog, appellee told appellant that it would be five to seven years before her case came to trial.

In early 1992, appellant states she became curious about the status of her case and called appellee for a progress report; however, appellee did not return her calls. In September 1992, appellant retained her present attorney to investigate potential mishandling of her case by appellee. Appellant's counsel requested that she contact appellee in an attempt to retrieve her file for his review; however, appellant was informed that appellee's office could not locate her file. Appellant's file was ultimately located after appellant commenced the instant litigation.

On January 15, 1993, appellant's counsel sent a letter to appellee, stating that he had been retained by appellant and enclosing an authorization from her so that appellee could release her file. Appellant's counsel repeated his request on a number of occasions, but no response came from appellee. Appellee asserts that it was never disclosed to him why appellant's counsel was seeking her file.

On August 11, 1993, appellant filed a complaint against appellee, alleging that he had agreed to represent her in a sexual discrimination suit arising from her employment and that he failed to prosecute that suit to his client's detriment. On September 18, 1993, appellee filed a motion for summary judgment, arguing that, because the attorney-client fee agreement was never signed by appellant, he did not represent her. Attached to his motion for summary judgment was appellee's affidavit and a copy of a letter dated September 23, 1986 from appellee to appellant notifying her that she needed to sign the contingent fee contract or her case would be closed. Appellant filed a memorandum contra the motion for summary judgment, attaching her own affidavit. Appellee then filed a reply.

On October 18, 1993, the trial court granted appellee's motion for summary judgment, finding that appellee had not entered into an agreement to represent appellant in her sexual harassment claim against her former employer and that

---

1. Appellee asserts that he never received a copy of appellant's "right to sue" letter, and that such a letter is required in order for an individual to commence litigation in the federal court.

the letter appellee sent to appellant clearly put her on notice that he would not be representing her unless she signed the contingent fee agreement. Appellant now brings this appeal and asserts the following assignments of error:

"*Assignment of Error No. 1*

"There are genuine issues of material fact, and the judgment [*sic*] erred in granting summary judgment.

"*Assignment of Error No. 2*

"Where the moving party is not entitled to judgment as a matter of law, the trial judge erred in granting summary judgment.

"*Assignment of Error No. 3*

"Where reasonable minds can differ it is error to decide issues of credibility by summary judgment."

Appellant's three assignments of error are related and will be considered together. In these assignments of error, appellant asserts that the trial court erred in granting summary judgment against her.

Summary judgment is proper if there are no genuine issues of fact and the moving party is entitled to judgment as a matter of law. It is a procedural device designed to terminate litigation at an early stage where a resolution of factual disputes is unnecessary. However, it must be awarded with caution, resolving all doubts and construing the evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. See *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46; and *Ohio Bus Sales, Inc. v. Toledo Bd. of Edn.* (1992), 82 Ohio App.3d 1, 610 N.E.2d 1164. Once the moving party provides specific reasons for summary judgment, with supporting evidence, the non-moving party bears the reciprocal burden to produce evidence on any issue for which that party bears the burden of production. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095.

In this case, a question of fact exists as to whether or not an employment, or attorney-client, relationship existed between appellant and appellee, and whether or not appellant ever retained appellee. Appellee asserts that he was not retained by appellant because appellant never signed the contingent fee agreement. However, appellant's affidavit asserts that she was never asked to sign a contingent fee agreement, nor did she ever receive a letter from appellee concerning the contingent fee agreement. The record before us demonstrates that the evidentiary material supplied by both appellant and appellee in support of, or in opposition to, the motion for summary judgment is inconsistent and,

therefore, genuine issues of material fact exist. Thus, this court finds that the trial court erred in granting appellee's motion for summary judgment and appellant's three assignments of error are sustained. The judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

PETREE and DESHLER, JJ., concur.