**DARNELL PAINTING CO., INC., Appellant,**

v.

**TOLEDO BOARD OF EDUCATION, Appellee.**

[Cite as *Darnell Painting Co., Inc. v. Toledo Bd. of Edn.* (1995), 107 Ohio App.3d 664.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–95–170.

Decided Dec. 8, 1995.

*Scott A. Winckowski,* for appellant.

*Frank Pizza* and *Byron S. Choka,* for appellee.

*Per Curiam.*

This is an accelerated appeal from a summary judgment of the Lucas County Court of Common Pleas which found that appellee, the Toledo Board of Education ("board"), did not abuse its discretion by enforcing its administrative directive which prohibits the purchase of goods or services from its employees, and thereby granted appellee's motion for summary judgment and dismissed the complaint of appellant, Darnell Painting Company, Inc., for (1) a declaration that it was the "lowest responsible bidder" for certain painting contracts; (2) an order forcing the board to award it the contracts; and (3) an injunction prohibiting the board from awarding the contracts to any other bidder.

On appeal, appellant sets forth the following assignment of error:

"I. Appellee's application of the administrative directive prohibiting contracts with employees constitutes an abuse of discretion.

"A. The administrative directive creates an unreasonable deviation from the competitive bidding process.

"B. The administrative directive is arbitrary in its scope and effect.

"1. Darnell Painting Company, Inc. is not an employee of the board of education.

"2. Appellee has unfairly applied the directive to Darnell Painting Company, Inc.

"C. No legitimate public purpose is furthered by the administrative directive."

█ It is undisputed in this case that Charles H. Darnell, the owner of appellant, Darnell Painting Company, Inc., is employed by the board at Bowsher High School as an occupational work experience teacher and coordinator, athletic director, Vocational Industrial Clubs of America advisor, and golf coach. On April 19, 1995, appellant submitted a bid for contracts to do interior and exterior painting at several of the board's schools. Although appellant was the lowest bidder for the four elementary schools, the board awarded those contracts to other painting contractors, based on its April 24, 1986 "administrative directive," which provides that:

"The purchase of goods and services from Toledo Public Schools employees is strictly prohibited except where specifically approved by the Board of Education. * * * Please inform those in your budget center involved in the purchasing process to make every effort to insure that vendors and suppliers of goods and services are not also employees of the Toledo Public Schools. * * * "

Crystal Ellis, Superintendent of the Toledo Public Schools, testified in a deposition, which was made a part of the record before the trial court, that the

administrative directive was adopted to counter any public perception that the board was improperly awarding contracts to its own employees who were "politicking" for those jobs and to avoid problems that may arise subsequent to awarding such a contract if the employee did not perform to the board's expectations.

Pursuant to statute, any contract to "build, repair, enlarge, improve, or demolish any school building, the cost of which will exceed twenty-five thousand dollars" must be advertised for competitive bid. R.C. 3313.46(A).

R.C. 3313.46(A)(6) further states:

"None but the lowest *responsible* bid shall be accepted. The board may reject all the bids, or accept any bid for both labor and material for such improvement or repair, which is the lowest in the aggregate. * * *" (Emphasis added.)

In determining whether an entity is the "lowest responsible" bidder, a state agency shall consider several factors, which include "the experience of the bidder, his financial condition, his conduct and performance on previous contracts, his facilities, his management skills, and his ability to execute the contract properly. * * *" R.C. 9.312(A).

■ In *Ohio Bus Sales v. Toledo Bd. of Edn.* (1992), 82 Ohio App.3d 1, 8, 610 N.E.2d 1164, 1169, this court, interpreting former R.C. 3313.46(G), which is analogous to R.C. 3313.46(A)(6), stated that:

"A board of education must, in accepting a bid, determine the bid to be * * * the lowest responsible bid. A board has the discretion to evaluate the responsibility of the bidders. Thus, the lowest bidder may not be the most responsible bidder. Absent an abuse of discretion, the board's decision as to the 'lowest responsible bidder' cannot be overturned." (Citations omitted.)

"The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 218–219, 5 OBR 481, 482, 450 N.E.2d 1140, 1141–1142.

■ In reviewing a summary judgment, this court must apply the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198, 199. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

This court has reviewed the entire record of proceedings before the trial court and upon consideration thereof, and of the law as set forth above, finds that there

remains no genuine issue as to any material fact and that, when construing the evidence most strongly in favor of appellant, reasonable minds could only conclude that the board did not abuse its discretion by enforcing its administrative directive and refusing to recommend that appellant be awarded the painting contracts. Accordingly, appellant's assignment of error is not well taken.

*Judgment affirmed.*

ABOOD, P.J., HANDWORK and MELVIN L. RESNICK, JJ., concur.