DECISION
On May 20, 1997, appellant, David L. Thompkins, was involved in a two-car accident resulting in damage to the left side of his van. Appellant was insured under a policy issued by appellee, Leader National Insurance Company ("Leader"), that provided coverage of $12,500 per person, $25,000 per accident, and $1,000 medical payments. Appellant submitted and Leader paid a medical bill in the amount of $488, and a bill for Doctor's Hospital in the amount of $160.44. Leader also paid $5,147.67 for collision damage to the van. Appellant filed a suit against Leader claiming he was also entitled to recover for pain and suffering, and lost wages. Appellee filed a motion for summary judgment, supported by an affidavit of Guy Self, a branch manager for Leader, which incorporated a copy of appellant's insurance policy and copies of the bills that were paid on appellant's behalf. The trial court sustained Leader's motion for summary judgment and appellant sets forth the following assignment of error:
 THE TRIAL COURT ERRED IN SUSTAINING APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHEN FACTS AND EVIDENCE SHOW THAT APPELLANT WAS ENTITLED TO JUDGMENT FOR DAMAGES INCURRED FROM AUTO ACCIDENT.
Summary judgment is proper if there are no genuine issues of fact and the moving party is entitled to judgment as a matter of law. It is a procedural device designed to terminate litigation at an early stage where a resolution of factual disputes is unnecessary. However, it must be awarded with caution, resolving all doubts and construing the evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can only reach a conclusion adverse to the party opposing the motion. See Norrisv. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1; Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64; and Ohio Bus Sales,Inc. v. Toledo Bd. of Edn. (1992), 82 Ohio App.3d 1. In Dresherv. Burt (1996), 75 Ohio St.3d 280, the Ohio Supreme Court stated that the moving party, on the ground the non-moving party cannot prove its case, has the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the non-moving party's claim. Once the moving party satisfies this initial burden, the non-moving party has the reciprocal burden to set forth specific facts showing there is a genuine issue for trial.
Appellate review of summary judgment is de novo and, as such, we stand in the shoes of the trial court and conduct an independent review of the record. Koos v. Central Ohio Cellular,Inc. (1994), 94 Ohio App.3d 579.
The policy issued to appellant by Leader provides, in part:
PART II MEDICAL EXPENSE COVERAGE
 INSURING AGREEMENT Medical Expense coverage applies to you while occupying, or as a pedestrian when struck by, a motor vehicle. Anyone occupying, with your permission, your covered auto has the same rights and obligations that you have under this coverage. We will pay expenses incurred, other than chiropractic treatment, within one year from the date of the auto accident.
 We will pay for expenses incurred for chiropractic treatment within three months from the date of the auto accident.
 This coverage applies to reasonable and necessary medical, chiropractic treatment, surgical, and dental treatment, professional nursing, hospital, X-ray, ambulance and funeral services and prosthetic devices.
The affidavit of Guy Self stated that Leader paid all medical or hospital bills submitted by appellant for covered expenses that were incurred within one year of the date of accident. In response to the motion for summary judgment, appellant did not present any evidence of bills that were submitted but not paid by Leader.
Appellant also relies on the following provision:
PART 1 LIABILITY COVERAGE
 INSURING AGREEMENT We will pay damages for bodily injury or property damage for which you become legally responsible because of an auto accident. Liability coverage applies to you while driving your covered auto and to you while driving any auto other than your covered auto, if you have permission from the owner to drive the auto.
This provision, however, would only apply to claims for damages alleged to have been caused by appellant to another party, and does not apply to damages sustained by appellant. This interpretation is made clear by the following policy provision:
 EXCLUSIONS PLEASE READ CAREFULLY This coverage and our duty to defend will not apply to:
* * *
 11. Bodily injury to you, a relative, or an insured person while driving your covered auto.
Thus, if appellant had been at fault in the accident, Leader would have been obligated to pay damages, including pain and suffering or lost wages, to the other driver. Based on the terms of the policy, Leader was not required to pay these damages to appellant.
Admittedly, insurance policies are sometimes difficult to read, but nothing in the policy issued to appellant by Leader covers his claim for pain and suffering or lost wages. A claim for damages of this nature would have to be asserted against the driver of the other vehicle.
Therefore, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
LAZARUS and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.