DECISION
Appellant, Denise Wooten, appeals from a judgment of the Franklin County Court of Common Pleas that granted a motion for summary judgment in favor of appellee, Farmers Insurance of Columbus, Inc., and denied her motion for partial summary judgment. Appellant sets forth the following assignments of error:
ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE BY FINDING THAT APPELLANT'S RENTER'S POLICY, WHICH EXPRESSLY PROVIDED SOME MOTOR VEHICLE LIABILITY COVERAGE, WAS NOT REQUIRED TO PROVIDE UNDERINSURED MOTORIST COVERAGE TO APPELLANT.
ASSIGNMENT OF ERROR NO. 2:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN OVERRULING PLAINTIFF-APPELLANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT BY FINDING THAT APPELLANT'S RENTER'S POLICY, WHICH EXPRESSLY PROVIDED SOME MOTOR VEHICLE LIABILITY COVERAGE, WAS NOT REQUIRED TO PROVIDE UNDERINSURED MOTORIST COVERAGE TO APPELLANT.
Appellant's assignments of error are related and will be addressed together.
On September 10, 1998, appellant suffered personal injuries as a result of a motor vehicle accident. Apparently, the tortfeasor's insurance company paid the policy limit and appellant filed a complaint against appellee to recover underinsured motorist benefits based on language in a renter's insurance policy issued to her by appellee. The trial court held the renter's policy was not a motor vehicle liability policy and, therefore, appellee was not required to offer uninsured/underinsured motorist coverage.
Appellant contends that, based on this court's decision in Lemm v. The Hartford (2001), Franklin App. No. 01AP-251, motion to certify conflict granted (2001), 93 Ohio St.3d 1475, which was rendered after the trial court's decision, she is entitled to underinsured motorist coverage based on similar language in her renter's policy. In response, appellee, while disagreeing with Lemm, recognizes that it is controlling in this district. In Lemm, this court held that a homeowner's policy that provided liability coverage for damages arising from a motor vehicle accident when the injured party was the homeowner's residence employee, was a motor vehicle liability policy and subject to the requirement of former R.C. 3937.18 so that uninsured/underinsured motorist coverage had to be offered.
Summary judgment is proper if there are no genuine issues of fact and the moving party is entitled to judgment as a matter of law. It is a procedural device designed to terminate litigation at an early stage where a resolution of factual disputes is unnecessary. However, it must be awarded with caution, resolving all doubts and construing the evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can only reach a conclusion adverse to the party opposing the motion. See Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1; Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64; and Ohio Bus Sales, Inc. v. Toledo Bd. of Edn. (1992), 82 Ohio App.3d 1. In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio Supreme Court stated that the moving party, on the ground the non-moving party cannot prove its case, has the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the non-moving party's claim. Once the moving party satisfies this initial burden, the non-moving party has the reciprocal burden to set forth specific facts showing there is a genuine issue for trial.
Appellate review of summary judgment is de novo and, as such, we stand in the shoes of the trial court and conduct an independent review of the record. Koos v. Central Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579.
There are issues of fact presented in this case that were not present in Lemm, which must be decided by the trial court before it may be determined whether or not Lemm is applicable. In Lemm, the policy involved was issued prior to the passage of Am.Sub.H.B. No 261, effective September 30, 1997, which enacted R.C. 3937.18(L). R.C. 3937.18(L) provided:
 (L) AS USED IN THIS SECTION, "AUTOMOBILE LIABILITY OR MOTOR VEHICLE LIABILITY POLICY OF INSURANCE" MEANS EITHER OF THE FOLLOWING:
 (1) ANY POLICY OF INSURANCE THAT SERVES AS PROOF OF FINANCIAL RESPONSIBILITY, AS PROOF OF FINANCIAL RESPONSIBILITY IS DEFINED BY DIVISION (K) OF SECTION 4509.01 OF THE REVISED CODE, FOR OWNERS OR OPERATORS OF THE MOTOR VEHICLES SPECIFICALLY IDENTIFIED IN THE POLICY OF INSURANCE;
(2) ANY UMBRELLA LIABILITY POLICY OF INSURANCE.
In the trial court, appellee presented, among other evidence, an affidavit of Betsy Jones, a Litigation Specialist with Farmers Insurance, who stated appellant's renter's insurance policy was issued as a new policy with effective dates of coverage from June 25, 1998 through June 25, 1999. Appellee argued that appellant's previous policy had lapsed based on non-payment of premiums. Because the policy was a new policy in effect June 25, 1998, the definition of a motor vehicle or auto liability insurance policy provided in R.C. 3937.18(L) would apply and appellee would not be required to offer uninsured/underinsured coverage as part of its renter's policy. Wolfe v. Wolfe (2000), 88 Ohio St.3d 246.
In response, appellant argued and stated in her affidavit that she first purchased renter's insurance from appellee with an effective date of June 1, 1995, that her policy was never cancelled, or that she never received a notice of cancellation, for non-payment of premiums and the policy issued in June 1998 was not a new policy. Appellant stated she did not know why the policy issued in June 1998 was dated June 25, 1998, rather than June 1, 1998. In her motion for partial summary judgment, appellant argued that, pursuant to the two-year guarantee period set forth in R.C. 3937.31(A), the policy issued to her on June 1, 1997, would have been in effect on the date of the accident in September 1998. Thus, based on Wolfe, the definition of a motor vehicle policy in R.C. 3937.18(L) was not applicable and she was entitled to uninsured/underinsured coverage based on Lemm.
Given that a genuine issue of material fact exists as to the effective date of the policy issued to appellant, which must necessarily be resolved by the trial court before deciding whether or not Lemm applies, appellant's assignments of error are sustained to this limited extent.
Therefore, appellant's first and second assignments of error are sustained and this matter is remanded to the Franklin County Court of Common Pleas for further proceedings in accordance with this decision.
Judgment reversed and cause remanded.
PETREE and KLATT, JJ., concur.