DECISION
Appellant, Catherine M. Connelly, appeals from a judgment of the Franklin County Court of Common Pleas that granted a motion for summary judgment in favor of appellees, Father David Poliafico, the Bishop of the Roman Catholic Church d.b.a. the Catholic Diocese of Columbus, and St. Paul Catholic Church. Appellant sets forth the following assignments of error:
 1. THE TRIAL COURT ERRED AS A MATTER OF LAW IN APPLYING THE ONE YEAR STATUTE OF LIMITATIONS EMBODIED IN R.C. 2305.111 TO PLAINTIFF'S NEGLIGENCE CLAIM AGAINST DEFENDANT POLIAFICO.
 2. THE TRIAL COURT ERRED AS A MATTER OF LAW IN APPLYING THE ONE YEAR STATUTE OF LIMITATIONS EMBODIED IN R.C. 2305.111 TO PLAINTIFF'S EMPLOYER INTENTIONAL TORT CLAIM.
In March 2000, appellant filed a complaint against the Diocese, the Bishop, Father Poliafico and St. Paul's, alleging that Father Poliafico intentionally struck appellant while they were at a youth ministry activity at the Easton Chiller Ice Rink. The trial court granted appellees' motion to dismiss, pursuant to Civ.R. 12(B)(6), finding that the claims for assault and battery against Father Poliafico were barred by the one-year statute of limitations set forth in R.C. 2305.111, and that the complaint failed to state a cause of action as to the remaining defendants. Before the trial court's decision was journalized, appellant filed a notice of voluntary dismissal pursuant to Civ.R. 41(A).
On December 19, 2000, appellant re-filed her complaint alleging Father Poliafico's actions were negligent. Appellant also asserted an employer intentional tort claim against the Diocese and St. Paul's.
On June 15, 2001, appellees filed a motion for summary judgment. Father Poliafico asserted that appellant's claims against him were barred by the one-year statute of limitations for assault and battery, and that he was entitled to immunity pursuant to R.C. 4123.741. Likewise, the Diocese and St. Paul's argued the complaints against them were barred by the one-year statute of limitations and that the complaint failed to state a cause of action for employer intentional tort.
Appellant failed to file a timely response to the motion for summary judgment. On July 25, 2001, appellant filed a motion for leave to file her response instanter, as well as a motion for a continuance to respond to appellees' motion for summary judgment. The trial court found appellant did not establish good cause for her late filing, that she failed to provide an affidavit to support her request for a continuance as required by Civ.R. 56(F), and overruled both motions. The trial court then granted appellees' motions for summary judgment. As to Father Poliafico, the trial court found that the gist of appellant's complaint was for assault and battery, and was barred by the one-year statute of limitations set forth in R.C. 2305.111. Likewise, the court found appellant's employer intentional tort claim was based on assault and battery, and barred by the statute of limitations.
Summary judgment is proper if there are no genuine issues of fact and the moving party is entitled to judgment as a matter of law. It is a procedural device designed to terminate litigation at an early stage where a resolution of factual disputes is unnecessary. However, it must be awarded with caution, resolving all doubts and construing the evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can only reach a conclusion adverse to the party opposing the motion. See Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1; Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64; and Ohio Bus Sales, Inc. v. Toledo Bd. of Edn. (1992), 82 Ohio App.3d 1. In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio Supreme Court stated that the moving party, on the ground the non-moving party cannot prove its case, has the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the non-moving party's claim. Once the moving party satisfies this initial burden, the non-moving party has the reciprocal burden to set forth specific facts showing there is a genuine issue for trial.
Appellate review of summary judgment is de novo and, as such, we stand in the shoes of the trial court and conduct an independent review of the record. Koos v. Central Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579.
In deciding which statute of limitations applies, a court must look to the actual nature or subject matter of the case, rather than the form in which the action is pleaded. Hambleton v. R.G. Barry Corp. (1984),12 Ohio St.3d 179. In Love v. Port Clinton (1988), 37 Ohio St.3d 98, the plaintiff had claimed that an Ohio State Highway Patrol Officer had acted negligently and recklessly in handcuffing him, and had used incorrect police procedures. The court found that one cannot accidentally handcuff and subdue another and held, in the syllabus:
 Where the essential character of an alleged tort is an intentional, offensive touching, the statute of limitations for assault and battery governs even if the touching is pled as an act of negligence.
By contrast, appellant's complaint states, in part:
 8. At approximately 9:00 p.m., Mrs. Connelly was skating around the ice rink at the Easton Chiller with a friend when defendant Poliafico approached Mrs. Connelly from behind and as a result of failing to use reasonable care under the circumstances, caused plaintiff to fall to the ice.
 9. Just prior to the accident, defendant Poliafico made statements indicating he was joking around with Plaintiff, and perhaps others. As a result of defendant Poliafico's failure to use reasonable care, he caused Mrs. Connelly to fall to the surface of the ice.
 10. At the time of the incident complained herein, Father Poliafico was voluntarily at the skating rink and was not required to be there as a result of any agreement or employment with the Defendant the Diocese of Columbus.
In response to an interrogatory, appellant stated:
 29. Describe the "statements" referred to in paragraph 9 of your Complaint that Father Poliafico allegedly made.
ANSWER TO INTERROGATORY NO. 29:
And she gets checked into the boards.
In analyzing the complaint, the trial court relied, in part, on the original complaint, which was voluntarily dismissed and which had asserted an intentional tort by Father Poliafico, to support its conclusion that the basis of appellant's claim was assault and battery. However, a dismissal, pursuant to Civ.R. 41(A), leaves the parties as if no action had been brought at all. Denham v. New Carlisle (1999),86 Ohio St.3d 594. Thus, the trial court erred in relying on the originally-filed complaint in ruling on appellees' motion for summary judgment.
The trial court also stated:
 * * * Plaintiff vaguely states in her complaint that the Defendant failed to utilize "reasonable care" without asserting a cause of action. Thus, based upon the pleadings before the Court, the Plaintiff's cause of action against the Defendant Poliafico is based upon an assault and [battery], an intentional, offensive touching.
Thus, the trial court appears to conclude that appellant did not state a cause of action, while at the same time concluding the complaint was premised on assault and battery.
Appellant's complaint alleging failure to use reasonable care was sufficient to state a cause of action in negligence, given the notice pleading requirements of Civ.R. 8. While appellant's response to the interrogatory might suggest an intentional act, and further discovery might lead to a second motion for summary judgment, in particular as to the issue of whether Father Poliafico was in the course and scope of his employment for purposes of R.C. 4123.741, appellant's first assignment of error is well-taken and is sustained.
In her second assignment of error, appellant argues the trial court erred in finding her claim for an employer intentional tort was barred by the one-year statute of limitations, rather than the two-year statute of limitations set forth in R.C. 2305.10. Regardless of which statute of limitations applies, appellant's complaint clearly fails to set forth a cause of action for an employer intentional tort. In Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, paragraph one of the syllabus, the court held:
 Within the purview of Section 8(A) of the Restatement of the Law 2d, Torts, and Section 8 of Prosser Keeton on Torts (5 Ed. 1984), in order to establish "intent" for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. (Van Fossen v. Babcock Wilcox Co. [1988], 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph five of the syllabus, modified as set forth above and explained.)
In paragraph 19 of her complaint, appellant only asserts that Father Poliafico attempted to tease, frighten or agitate her, and she reported his actions to her supervisors but was required to continue working with him at St. Paul's. In response to an interrogatory, appellant stated that Father Poliafico would sneak up behind her and say "Boo" or burst into her office and frighten her. None of these acts are of the egregious character encompassed within an employer intentional tort claim. Therefore, appellant's second assignment of error is overruled.
For the foregoing reasons, appellant's first assignment of error is sustained and her second assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded to the trial court for further proceedings.
Judgment affirmed in part, reversed in part and cause remanded.
BROWN and KLATT, JJ., concur.