DECISION
{¶ 1} Appellant, Edward P. Jenkins, appeals from a judgment of the Franklin County Court of Common Pleas that granted a motion for summary judgment in favor of appellee, Cincinnati Insurance Company ("CIC"), and sets forth the following assignment of error:
{¶ 2} "The Common Pleas Court of Allen [sic] County, Ohio erred to the substantial prejudice of Plaintiff-Appellant Edward Jenkins, as a matter of law, by sustaining Defendant-Appellee Cincinnati Insurance Company's motion for summary judgment."
{¶ 3} On April 4, 2000, appellant was a passenger in a car owned and driven by appellee, Ty E. Waite. While driving at a high-rate of speed, Waite lost control of the vehicle, crashed into a house and appellant suffered a fractured left ankle. Appellant was employed by Whempy's Corporation and it is agreed that he was not in the course and scope of his employment at the time of the accident.
{¶ 4} In February 1998, CIC provided Whempy's with two policies of insurance: a business automobile liability policy and an umbrella policy for which uninsured/underinsured motorists coverage was rejected. In 1999, in response to the Ohio Supreme Court's decision in Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, CIC attempted to amend the policy to change the definition of "insured." In February 2000, CIC issued two new policies of insurance to Whempy's: a business automobile policy that contained a definition of "insured" that required an employee to be within the course and scope of employment and an umbrella policy.
{¶ 5} Following the accident, appellant filed suit against Waite for damages based on negligence and a declaratory judgment action against CIC seeking a declaration that he was entitled to underinsured motorists coverage. The complaint against Waite was dismissed with prejudice and the trial court granted summary judgment in favor of CIC.
{¶ 6} Summary judgment is proper if there are no genuine issues of fact and the moving party is entitled to judgment as a matter of law. It is a procedural device designed to terminate litigation at an early stage where a resolution of factual disputes is unnecessary. However, it must be awarded with caution, resolving all doubts and construing the evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can only reach a conclusion adverse to the party opposing the motion. See Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1; Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64; and Ohio Bus Sales, Inc. v. Toledo Bd. of Edn. (1992), 82 Ohio App.3d 1. In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio Supreme Court stated that the moving party, on the ground the non-moving party cannot prove its case, has the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the non-moving party's claim. Once the moving party satisfies this initial burden, the non-moving party has the reciprocal burden to set forth specific facts showing there is a genuine issue for trial.
{¶ 7} Appellate review of summary judgment is de novo and, as such, we stand in the shoes of the trial court and conduct an independent review of the record. Koos v. Central Ohio Cellular, Inc. (1994),94 Ohio App.3d 579.
{¶ 8} Appellant argues that, based on the definition of "insured" in the February 1998 policy, which is identical to the definition of "insured" considered by the Supreme Court in Scott-Pontzer, he is entitled to coverage. He further argues that the 1999 amendment was invalid and that R.C. 3937.31(A) mandates renewal of the February 1998 policy on the same terms and conditions, unless there were changes specifically requested and agreed to by Whempy's. Appellant argues that any changes in the 1998 policy without the express request and agreement of Whempy's was, in effect, a cancellation of the policy. Appellee argues that, pursuant to Wolfe v. Wolfe (2000), 88 Ohio St.3d 246, the February 2000 policy was a new policy of insurance; that the February 2000 policy was in effect at the time of the accident; and appellant does not meet the definition of "insured" contained therein.
{¶ 9} In Scott-Pontzer, at 662, the court stated: "If we find Pontzer was not an insured under the policies, then our inquiry is at an end." Therefore, we must determine whether the February 1998 or the February 2000 policy applies.
{¶ 10} R.C. 3937.31(A), in effect at the time of the accident, provided in part:
{¶ 11} "(A) Every automobile insurance policy shall be issued for a policy period of not less then two years or guaranteed renewable for successive policy periods totaling not less than two years. Where renewal is mandatory, "cancellation," as used in sections 3937.30 to3937.39 of the Revised Code, includes refusal to renew a policy with at least the coverages, included insureds, and policy limits provided at the end of the next preceding policy period. * * *"
{¶ 12} Appellant argues that a renewal of the February 1998 policy on like terms was mandated by R.C. 3937.31(A) and that, by issuing a policy in February 2000 with a narrower definition of "insured," CIC was offering less coverage and, in effect, cancelled Whempy's policy in contravention of the statute. Appellant misreads the statute. The phrase "renewal is mandatory" as used in R.C. 3937.31(A) refers to the two-year minimum guaranteed policy period and applies to cancellation of a policy within that two years, not to issuance of a new policy at the end of the initial two-year period.
{¶ 13} In Wolfe, the Supreme Court held, at the syllabus:
{¶ 14} "1. Pursuant to R.C. 3937.31(A), every automobile liability insurance policy issued in this state must have, at a minimum, a guaranteed two-year policy period during which the policy cannot be altered except by agreement of the parties and in accordance with R.C.3937.30 to 3937.39.
{¶ 15} "2. The commencement of each policy period mandated by R.C. 3937.31(A) brings into existence a new contract of automobile insurance, whether the policy is categorized as a new policy of insurance or a renewal of an existing policy.
{¶ 16} "3. The guarantee period mandated by R.C. 3937.31(A) is not limited solely to the first two years following the initial institution of coverage."
{¶ 17} Had appellant's accident occurred prior to February 2000, there might have been merit to his argument; however, pursuant to Wolfe, the February 2000 insurance policy was a new policy of insurance with a new definition of "insured." That definition of "insured" provided, in part:
{¶ 18} "3. Employees of the Named Insured, but only for injuries arising out of and incurred while in the course and scope of employment for the Named Insured shown in the Declarations of this Coverage Form."
{¶ 19} Inasmuch as appellant was not in the course and scope of his employment, he was not an insured under the CIC policy and, pursuant to Scott-Pontzer, "our inquiry is at an end."
{¶ 20} For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
LAZARUS and KLATT, JJ., concur.